UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
THOMAS D. BRIEL,

                Plaintiff,

                                          MEMORANDUM & ORDER
   -against-                          16-CV-0761(JS)(GRB)

ARMOR CORRECTIONAL HEALTH INC.,
NASSAU COUNTY SHERIFF MICHEAL [SIC]
SPOSATO,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Thomas D. Briel, pro se
                       16000281
                       Nassau County Correctional Center
                       100 Carman Avenue
                       East Meadow, NY 11554

For Defendants:     No appearances.

SEYBERT, District Judge:

        On February 8, 2016, incarcerated pro se plaintiff Thomas D. Briel ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against Armor Correctional Health, Inc. ("Armor") and Nassau County Sheriff Michael Sposato ("Sheriff Sposato" and together, "Defendants"), accompanied by an application to proceed in forma pauperis. Plaintiff's Complaint was not signed. Accordingly, by Notice of Deficiency ("Notice") dated February 17, 2016, Plaintiff was instructed to sign and return the enclosed copy of the Complaint within fourteen (14) days from the date of the Notice. On February 26, 2016, Plaintiff timely filed a signed Complaint. (See, Compl., Docket Entry 8.)

        Upon review of the declaration in support of the

application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b) for failure to state a claim for relief.

BACKGROUND[1]

Plaintiff's handwritten Complaint is submitted on the Court's Section 1983 complaint form and has an additional six pages of attachments. According to the Complaint, which is hardly a model of clarity, "[t]his is a deliberate indifference suit" purporting to allege a deprivation of Plaintiff's Eighth Amendment rights. (Compl. ¶ IV and at 6.) Plaintiff claims to suffer from pain in his neck and back and alleges that, when he was admitted to the Nassau Jail on January 13, 2016, he provided the "medical doctor" with "a list of my medications and injuries."[2] (Compl. ¶ IV.) Plaintiff complains that he was not provided with all of his medication and/or the proper doses. (Compl. ¶ IV and at 5.)

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purpose of this Memorandum and Order.

[2] Plaintiff claims to "suffer from 5 herniated disc[s] in my neck, 3 pinch[ed] nerve roots to the left and 2 two pinch[ed] nerve roots to the right, 2 two central herniated disc[s], and 2 two lumbar spine herniations." (Compl. at 9.)

Plaintiff alleges that on one evening during lock in, his "[n]eck . . . [b]ack and [l]umbar [s]pine . . . locked up ([f]rozen)" which caused him to fall down. (Compl. at 5.) Plaintiff claims that he banged his head on the metal bed frame when he fell and suffered a "bump and cut." (Compl. ¶ IV.A. and at 5.) According to the Complaint, his fall "may [have] been prevented if Armor Correctional Health, Inc. took proper health care to serious injuries to another person." (Compl. at 5-6.) Plaintiff acknowledges, however, that the "Medical Staff now gives me a muscle relaxer and Naproxen 500 mg 2x daily . . . [and] medical puts ointments on the cut at the top of my head." (Compl. ¶ IV.A.)

Plaintiff also complains that he was not provided with a pillow, that he was provided with only one orange uniform, and that his requests for a pillow and a second uniform were denied. According to the Complaint, "[h]aving only (1) one uniform[] to wear is [ ] very unsanitary for any inmate. It can't be washed [un]til I get another [because] I have to have the orange pants on at all times outside my cell. Being forced to wear one (1) pair of pants since 1/13/16 is Unconstitutional." (Compl. at 7-8.) Finally, Plaintiff complains that he "was placed in a cell with the whole ceiling peeling and falling on the floor and my bed." (Compl. at 7.) Plaintiff alleges that he "had to breath that dust into my lungs . . . [and] I have no clue what's in those layers of

3

paints over the years . . . ." (Compl. at 7.)

As a result of the foregoing, Plaintiff seeks to recover a damages award of $1.7 million "for the medical failures of proper medications and treatments that led to an injury to the to[p] of my head with possible permanent scar and cruel and unusual punishment inflicted" as well as an additional damages award of $300,000 for "unconstitutional living . . . ." (Compl. ¶ V.)

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537

F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim

5

under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

In order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in Iqbal that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." 556 U.S. at 676. Thus, a "plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity" must sufficiently plead that the "supervisor was personally involved in the alleged constitutional deprivation." Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law and should be dismissed. Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010). ("[Plaintiff's] claims against [Defendant] failed as a matter of

6

law because [Plaintiff] failed to allege sufficient personal involvement on [Defendant's] part to make him liable under § 1983.") See, e.g., Hemmings v. Gorczyk, 134 F.3d 104, 109 n.4 (2d Cir. 1998). With these standards in mind, the Court considers Plaintiff's claims against the Defendants.

A. Claims Against Sheriff Sposato

As set forth above, a plausible Section 1983 claim must allege the personal involvement of the defendant in the alleged constitutional violation. See supra at 6-7; Rivera, 655 F. Supp. 2d at 237; see also Warren v. Goord, 476 F. Supp. 2d 407, 413 (S.D.N.Y 2007) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" (quoting Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)) aff'd, 368 F. App'x 161 (2d Cir. 2010)). A supervisor cannot be liable for damage under Section 1983 solely by virtue of being a supervisor because there is no respondeat superior liability under Section 1983. Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003).

Plaintiff's Complaint does not include any factual allegations sufficient to demonstrate personal involvement by Sheriff Sposato regarding the events alleged in the Complaint and it appears that Plaintiff seeks to impose liability against Sheriff Sposato based solely on the supervisory position he holds. Wholly absent from the Complaint are any allegations sufficient to

establish any personal involvement by Sheriff Sposato in the unlawful conduct of which Plaintiff complains. Accordingly, Plaintiff's claims against Sheriff Sposato are not plausible and are DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

C. <u>Claims Against Armor</u>

Armor Correctional Health, Inc. is "a private company contracted to perform medical services for inmates at the Nassau County Correctional Center." <u>See</u> <u>Gaines v. Armor Health Care, Inc.</u>, No. 12-CV-4666, 2012 WL 5438931, at *3 (E.D.N.Y. 2012) (citing <u>Briel v. Sposato</u>, No. 12-CV-2868, 2012 WL 3697806, at *5 (E.D.N.Y. Aug. 21, 2012)). It is well-established that "[a]nyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." <u>Filarsky v. Delia</u>, --- U.S. ----, 132 S. Ct. 1657, 1661, 182 L. Ed. 2d 662 (2012) (citation omitted). Thus, a private employer acting under color of state law may be held liable under Section 1983 for the acts of its employees where the unconstitutional act was authorized or undertaken pursuant to the official policy of the private entity employer and the employer was jointly engaged with state officials or its conduct is chargeable to the state. <u>Rojas v. Alexander's Dep't Store, Inc.</u>, 924 F.2d 406, 408-09 (2d Cir. 1990); <u>Dilworth v. Goldberg</u>, 914 F. Supp. 2d 433, 452 (S.D.N.Y. 2012); <u>Mejia v. City of New York</u>, 119 F. Supp. 2d 232, 275 (E.D.N.Y. 2000) (collecting cases).

8

Here, as is readily apparent, Plaintiff has not alleged any facts to support a plausible Section 1983 claim against Armor. Wholly absent are any allegations sufficient for the Court to construe that Plaintiff's constitutional rights were violated pursuant to some policy, practice, or custom of Armor. Accordingly, Plaintiff's claims against Armor are sua sponte DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

IV. Leave to Amend

Given the Second Circuit's guidance that a pro se Complaint should not be dismissed without leave to amend unless amendment would be futile, Ashmore v. Prus, 510 F. App'x 47, 49 (2d Cir. 2013) (citing Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000)), the Court has carefully considered whether leave to amend is warranted here. Upon such consideration, Plaintiff is GRANTED LEAVE TO FILE AN AMENDED COMPLAINT in accordance with this Order. Plaintiff is cautioned that, in order to establish a constitutional violation arising out of inadequate medical treatment, "a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" Johnson v. Wright, 412 F.3d 398, 403 (2d Cir. 2005) (alteration in original) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976)). "[T]he deliberate indifference standard embodies both an objective and subjective prong." Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir.

1996). The objective prong requires the prisoner to allege a sufficiently serious injury. Id. The Second Circuit has defined a sufficiently serious injury as "a condition of urgency, one that may produce death, degeneration, or extreme pain." Id. (internal quotation marks and citation omitted). The subjective prong requires the prisoner to show the charged official acted with a "sufficiently culpable state of mind." Id. The United States Supreme Court has stated that the subjective element "'entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.'" Id. (ellipsis and alteration in original) (citing Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978, 128 L. Ed. 2d 811 (1994)).

Importantly, "mere allegations of negligent malpractice do not state a claim of deliberate indifference." Hathaway, 99 F.3d at 553; see also Estelle, 429 U.S. at 106, 97 S. Ct. 285, ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

Similarly, the Second Circuit instructs with regard to a conditions of confinement claim that, "[t]o demonstrate that the conditions of [ ] confinement constitute cruel and unusual

10

punishment, the plaintiff must satisfy both an objective test and a subjective test." Jolly v. Coughlin, 76 F.3d 468, 480 (2d Cir. 1996) (citation omitted). To satisfy the objective element, "the plaintiff must demonstrate that the conditions of his confinement result in unquestioned and serious deprivations of basic human needs." Id. (internal quotation marks and citation omitted). "[T]he inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health." Walker v. Schult, 717 F.3d 119, 125 (2d Cir. 2013) (citation omitted). With respect to the subjective element, "plaintiff must demonstrate that the defendants imposed those conditions with deliberate indifference." Jolly, 76 F.3d at 480 (internal quotation marks and citation omitted). "To constitute deliberate indifference, [t]he prison official must know of, and disregard, an excessive risk to inmate health or safety." Walker, 717 F.3d at 125 (internal quotation marks and citation omitted).

**Any Amended Complaint shall be filed within thirty (30) days from the date of this Order, shall be titled "Amended Complaint," and shall bear the same docket number as this Order, No. 16-CV-0761(JS)(GRB).** Plaintiff is cautioned that an Amended Complaint completely replaces the original Complaint. Therefore, all claims and allegations Plaintiff wishes to pursue should be included in the Amended Complaint.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however the Complaint is sua sponte DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) and **WITH LEAVE TO FILE AN AMENDED COMPLAINT. Any Amended Complaint shall be filed within thirty (30) days from the date of this Order, shall be titled "Amended Complaint," and shall bear the same docket number as this Order, No. 16-CV-0761(JS)(GRB).**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: May __13__, 2016
       Central Islip, New York